S. H. SORNBORGER v. M. B. HUFFMAN ET AL.

[FILED OCTOBER 3, 1889.]

Replevin: PROCEDURE: DEFAULT. In an action of replevin before a justice of the peace, the plaintiff having failed to give bonds, the property was returned to the principal defendant. On the return day of the writ all the parties came before the justice, and after sundry motions and rulings of the justice the plaintiff withdrew and made no further appearance. On motion of the principal defendant the case was heard and tried by the court, which found that at the commencement of the action he was entitled to the possession of the property replevied, and that he had sustained damages in the wrongful taking thereof in the sum of one dollar, with judgment against the plaintiff in that amount. The plaintiff appealed to the district court. At the next succeeding term the defendants appeared and moved to dismiss the appeal on the grounds (1) that judgment was rendered against the plaintiff in the court below while he was in default; (2) that no petition had been filed as required by law; which motion was sustained and the cause dismissed.

On error to this court the judgment is reversed as to both grounds of the motion.

ERROR to the district court for Antelope county. Tried below before POST, J.

*Bell & Sornborger*, for plaintiff in error.

*Thomas O'Day*, for defendants in error.

COBB, J.

The plaintiff, who is here plaintiff in error, commenced an action before a justice of the peace of Antelope county against M. B. Huffman, sheriff of the county, James T. Brown, his deputy, Roche, Anderson & Ray, copartners, etc., and Henry Beckman, defendants. He presented and filed an affidavit in replevin, caused the same to be placed in the hands of J. B. Waite, coroner of the county,

and caused to be replevied the personal property therein named, to-wit: One black horse, seven years old; one red cow, with white face; one red calf, with white face; one red calf, one year old. Afterwards, the plaintiff failing to give the required bond in replevin, the coroner returned the property to the defendants. On the return day of the writ of replevin the plaintiff, by his attorney, appeared before the justice, and the defendants, by their attorneys, made special appearance, and objected to the jurisdiction of the court over the persons of defendants, for the reason that no service of process was made on them by the coroner. Leave was then granted until 11 o'clock A. M. for the coroner to file his amended return of service. It appears that such return was filed by the coroner at the time appointed by the adjournment, but in what it consisted does not appear. The defendants Huffman, Roche, Anderson & Ray, and Beckman, by their attorneys, again made special appearance and objected to the jurisdiction of the court, for the reason that no service of process had been made upon either of them. The objection of the defendants was sustained and the cause dismissed as to Huffman, Roche, Anderson & Ray, and Beckman.

The plaintiff then filed his motion for a continuance, to make service on the defendants last named, which motion was overruled. The defendant Brown made a general appearance, and filed his answer, and the plaintiff moved to be allowed an amended return as to service on Roche, Anderson & Ray, which was denied. The plaintiff then filed his motion for continuance, which was overruled. The counsel for the plaintiff withdrew from the case, and made no further appearance. The case, on motion of defendant, was heard and considered by the court, a jury having been waived.

The defendant Brown was examined as a witness in his own behalf, and also exhibited in evidence a note and chattel mortgage of the property, and after hearing the

evidence the court found that said defendant was at the time of the commencement of the suit entitled to the possession of the property described, and that he had sustained damages in the wrongful taking thereof in the sum of one dollar. Judgment was rendered thereon for one dollar damages and costs, taxed at $11.35.

The cause afterwards came to the district court of Antelope county on the appeal of the plaintiff; whereupon all of the defendants appeared and filed their motion to. dismiss the appeal on the grounds (1) that judgment was rendered against the plaintiff in the court below, while said plaintiff was in default; and (2) that no petition had been filed as required by law. The motion to dismiss was filed August 19, 1885. On October 15, following, the plaintiff filed a petition in the district court against all of the defendants, which seems to be in proper form. On December 3, 1885, at an adjourned term of the court, the cause came on for hearing on defendant's motion to dismiss the appeal and dismiss the action; which motions were sustained and the cause dismissed at plaintiff's costs.

. This judgment of dismissal the plaintiff brings for review to this court, by petition in error, against all of the defendants. There was no sufficient authority for dismissing the appeal upon either of the grounds stated in the motion. It is scarcely necessary to say that the case does not fall within the provisions of section 1001 of the Civil Code, as that provision applies solely to causes where judgment is rendered against a *defendant* in his absence. It does not appear from the record that the plaintiff was in default, there having been no order of the court requiring him to file his petition. Attention is called to the fact that the statute in reference to pleadings in justices' courts, has been amended since the date of this proceeding there (sec. 1010*a* of the Code); but at that time there was, as I believe, no provision of law prescribing the time of filing the petition in such cases, and the practice was to apply to the

court for a rule on the plaintiff to file his petition by a day certain, in cases where that party was in default.

The judgment of the district court is reversed, and cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

The other Judges concur.